VANDENBERG & FELIU, LLP
60 East 42nd Street, 51st Floor
New York, New York 10165
Telephone:  (212) 763-6800
Facsimile:  (646) 576-8079
Vincent J. Roldan
vroldan@vanfeliu.com
Debra Kobrin Levy
dkobrin@vanfeliu.com

WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:  (949) 720-4111
Richard H. Golubow
rgolubow@winthropcouchot.com
Garrick A. Hollander
ghollander@winthropcouchot.com

Attorneys for Plaintiff, Credit Management Association,
as assignee for the benefit of creditors of Senior Systems
Technologies, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREDIT MANAGEMENT ASSOCIATION, a California corporation, as assignee for the benefit of creditors of Senior Systems Technologies, Inc.<br><br>   Plaintiff,<br><br> v.<br><br>MINI-CIRCUITS,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Credit Management Association, as assignee for the benefit of creditors of Senior Systems Technologies, Inc. ("Plaintiff"), hereby alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a California corporation qualified to do business in the state of California, with its principal place of business in Burbank, California.

2. Senior Systems Technologies, Inc. ("SST") was, at all relevant periods, a California corporation qualified to do business in the state of California.

3. On or about August 1, 2012 ("Assignment Date"), SST executed a general assignment for the benefit of SST's creditors in favor of Plaintiff pursuant to California Code of Civil Procedure § 493.010, et seq. ("Assignment").

4. Pursuant to the Assignment, SST conveyed to Plaintiff all or substantially all of SST's property and every right, claim, and interest of SST, including the right to prosecute the immediate action.

5. On information and belief, Mini-Circuits ("Mini-Circuits") is a corporation with its principal place of business in Brooklyn, New York.

6. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different state from Defendant Mini-Circuits and because the value of the matter in controversy exceeds $75,000.00.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because Defendant Mini-Circuits resides in this judicial district.

## FIRST CAUSE OF ACTION

**(Recovery of Preferential Transfers Against Defendant Mini-Circuits)
California Code of Civil Procedure § 1800**

8. Plaintiff incorporates each and every allegation contained above, as if fully set forth herein.

9. On or within 90 days before the Assignment Date, that is between May 3, 2012 and August 1, 2012 ("Preference Period"), SST made one or more transfers by check, wire transfer or the equivalent in an aggregate amount not less than $231,160.00 (hereinafter collectively referred to as the "Transfers") directly to, or for the benefit of, Mini-Circuits.

Attached hereto as Exhibit "A" and incorporated herein by this reference is a list of the Transfers.

10. Mini-Circuits was a creditor of SST at the time of the Transfers.

11. At the time of the Transfers, Mini-Circuits had a right or rights to payment on account of an obligation or obligations owed to Mini-Circuits by SST.

12. The Transfers were to, or for the benefit of, Mini-Circuits.

13. The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt obligation or debt obligations for which SST was legally bound to pay before the Transfers were made.

14. The Transfers from SST to Mini-Circuits were made while SST was insolvent, as that term is defined by California Code of Civil Procedure § 1800(a)(1), in that the sum of SST's debts was greater than the fair value of SST's assets.

15. SST's Transfers to Mini-Circuits enabled Mini-Circuits to receive more than other creditors of the same class.

16. Plaintiff is entitled to avoid and recover the Transfers from Mini-Circuits pursuant to Cal. Code of Civ. Proc. § 1800(b), plus prejudgment interest from the date of each payment to the date of judgment herein at the lawful rate, under Cal. Code of Civ. Proc. § 3287 and other applicable law.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Mini-Circuits, granting the following relief:

1. Avoidance and recovery of the Transfers;

2. Prejudgment interest thereon at the legal rate allowed from the date of each of the Transfers;

3. Awarding the costs incurred by Plaintiff in this suit; and

4. Awarding such other and further relief as this Court may deem necessary and proper.

Dated:  July 31, 2013

        VANDENBERG & FELIU, LLP

        By:  ____/s/ Vincent J. Roldan__
        Vincent J. Roldan
        Debra Kobrin Levy
        60 East 42nd Street, 51st Floor
        New York, New York 10165
        Telephone:  (212) 763-6800
        Facsimile:   (646) 576-8079

        WINTHROP COUCHOT
        PROFESSIONAL CORPORATION

        Richard H. Golubow
        Garrick A. Hollander
        660 Newport Center Drive, Suite 400
        Newport Beach, CA 92660
        Telephone:  (949) 720-4100
        Facsimile:  (949) 720-4111
        Attorneys for Credit Management
        Association, a California
        corporation, as assignee for the
        benefit of Creditors of Senior
        Systems Technologies, Inc.

-5-

Assignor: Senior Systems Technologies, Inc.
Defendant: Mini-Circuits
Preference Period: May 3, 2012 to August 1, 2012

**Exhibit A**

**Transfers During Preference Period**

| Check No. | Check Cleared Date | Paid Amount |
|---|---|---|
| 149333 | 06/11/12 | $129,690.00 |
| 149368 | 06/19/12 | 44,220.00 |
| 149464 | 07/03/12 | 30,350.00 |
| 149562 | 07/13/12 | 26,900.00 |
| **Total Checks: 4** | **Total Amount:** | **$231,160.00** |